IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ALTERNATE FUELS, INC. ) | |
| ) | Case No.: 09-20173 |
| Debtor ) | |
| ) | |

**PARTY IN INTEREST TRAVELERS CASUALTY & SURETY COMPANY'S MOTION TO DISMISS OR SUSPEND**

COMES NOW Party-in-Interest and Creditor, Travelers Casualty & Surety Company ("Travelers"), and for its Motion to Dismiss or Suspend pursuant to 11 U.S.C. § 305 states as follows:

1. The Debtor and proposed debtor-in-possession herein, Alternate Fuels, Inc. ("AFI"), filed its Voluntary Chapter 11 Petition in this case on January 29, 2009.

2. AFI's sole listed asset is an interpleaded fund deposited in the registry of the United States District Court for the Western District of Missouri, and held by that Court *in custodia legis* in Cause No. 02-cv-1182 pending in that Court. The fund amounts to $4,910,807.63, upon which interest is accruing.

3. The pending federal interpleader action was filed more than four months prior to the commencement of this case, on September 10, 2008, and the parties to such action have filed pleadings framing the issues concerning entitlement to the interpleaded funds.

4. While no plan has yet been filed by AFI in this case, it is clear that AFI has no intention of seeking rehabilitative relief under Chapter 11 to "continue" its business, but instead plans to liquidate its remaining sole asset.

5. In its voluntary bankruptcy petition, AFI does not seek any relief that cannot or will not be granted by the Missouri federal court which has already asserted jurisdiction over the funds.

6. The principles of comity governing the federal courts including the bankruptcy courts dictate that the Western District of Missouri federal court which was the first court to assert jurisdiction over the property at issue retain such jurisdiction to the exclusion of all other courts, including this Court.

7. Property held *in custodia legis* at the commencement of a bankruptcy case, such as the funds interpleaded with the Missouri federal court, is neither property of the debtor nor property of the bankruptcy estate. Accordingly, the sole asset listed by AFI in its bankruptcy petition was not and is not in fact property of AFI or of its bankruptcy estate at the time this bankruptcy case was commenced and presently. The net effect is to leave this Court with a liquidation bankruptcy with no assets to liquidate.

8. Aside from the substantial comity and *in custodia legis* concerns, AFI by its bankruptcy filing is requesting relief of this Court which is identical to the relief previously requested in the federal interpleader action which is pending and already well under way in the Missouri Western District federal court.

9. Continuation of this bankruptcy case at this time will not advance the interests of AFI or its creditors, will not serve the interests of economy and judicial efficiency, and will not do anything to preserve the Estate assets.

10. The "fresh start" policy of bankruptcy law is not implicated here because AFI is not presently conducting business and does not intend to do so in the future.

11. Another forum, the Missouri Western District federal court, is both available and already in the process of adjudicating the matter. That court has presided over the lawsuit which created the interpleaded fund and is thoroughly familiar with the facts and the issues.

12. The bankruptcy filing appears to be nothing more than a ruse to enable the Debtor, as debtor-in-possession and its attorneys to take for themselves in fees and expenses a substantial part of the interpleaded fund stated by them to be Debtor's sole asset to the detriment of AFI's creditors.

WHEREFORE, Travelers moves that this Court dismiss the voluntary petition for bankruptcy relief under Chapter 11 filed by AFI, or at a minimum to suspend the proceedings herein until the interpleader action pending in the United States District Court, Western District of Missouri, is concluded, and lift the automatic stay until such time.

**GILLILAND & HAYES, P.A.**

By: s/ Keith Witten
Keith Witten
Kansas Bar No. 07296
8717 West 110th Street, Suite 630
Overland Park, KS 66210
913.317.5100 -telephone
913.317.9100 – facsimile
kwitten@gh-kc.com

**REINERT & ROURKE, P.C.**

By: /s/ Bernard A. Reinert
Bernard A. Reinert
812 North Collins, Laclede's Landing
St. Louis, MO 63102
314.621.5743 – telephone
314.621.8071 – facsimile
breinert@reinertrourke.com
breinert@reinertrourke.com

**CERTIFICATE OF SERVICE**

      I certify that on this 3rd day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to Gary H. Hanson and Todd A. Luckman, Stumbo Hanson, LLP, 2887 SW MacVicar, Topeka, KS 66611, attorneys for debtor Alternate Fuels, Inc. and U.S. Trustee, Office of the United States Trustee, 301 North Main Street Suite 1150, Wichita, KS 67202; and I certify that I have mailed by United States Postal Service the above document to the following non-CM/ECF participants: John W. Capito, Chairman, President & Board of Director [sic], Alternate Fuels, Inc., P.O. Box 8007, Prairie Village, KS 66208

                                              s/ Keith Witten
                                              Attorney for Party in Interest Travelers Casualty & Surety Company