IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ALTERNATE FUELS, INC. | ) |
| | ) Case No.: 09-20173 |
| Debtor | ) |
| | ) |

**PARTY IN INTEREST TRAVELERS CASUALTY & SURETY COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR SUSPEND**

COMES NOW Party-in-Interest and Creditor, Travelers Casualty & Surety Company ("Travelers"), and for its Memorandum in Support of Its Motion to Dismiss or Suspend states as follows:

**INTRODUCTORY STATEMENT**

The Debtor, Alternate Fuels, Inc. ("AFI"), which has filed the Voluntary Chapter 11 Petition in this case, was a coal mining company doing business at one time in both Kansas and Missouri. AFI has long since abandoned its coal mining operations, and has liquidated or otherwise disposed of all equipment and other assets necessary to such activities, as is evident from the schedules filed with the Petition. While no plan has yet been filed by AFI, it is abundantly clear that AFI has no intention of seeking rehabilitative relief under Chapter 11 to "continue" its business, but instead plans to liquidate its remaining sole asset which is an interpleaded fund deposited in the registry of the United States District for the Western District of Missouri. The fund amounts to $4,910,807.63 upon which interest is accruing.

The fund originates from a lawsuit AFI filed in 2002 in the United States District Court for the Western District of Missouri entitled *Alternate Fuels v. Cabanas,* cause no. 02-cv-1182. In that lawsuit, AFI asserted claims against Cabanas, an employee of the State of Missouri, in the nature of tortious interference with its business activities, and obtained a judgment against

Cabanas on September 29, 2006. The judgment was affirmed by the United States Court of Appeals for the Eighth Circuit Court of Appeals in Cause Nos. 06-3794 and 07-1462 on August 15, 2008.[1] Thereafter, having received notice of conflicting claims to the judgment proceeds, the State of Missouri, as the party responsible for paying the judgment under the State Legal Expense Fund law, R.S.Mo. § 105.711, filed a Complaint for Interpleader in Cabanas' name on September 10, 2008 in the Western District of Missouri federal court case in which the original judgment was entered. The State of Missouri deposited the judgment proceeds with the Missouri Western District federal court, with interest, in the amount of $7,110,233.21, on the same day, September 10, 2008.[2] Subsequently, the parties to the interpleader filed pleadings with that court, and additional parties moved to intervene and assert their alleged interests in the interpleader fund. The parties to the Missouri Western District federal court case met for a settlement conference/mediation on December 16, 2008 conducted by USMJ William A. Knox, and a substantial portion of the funds ($2,199,425.58) were paid out with the consent of all parties to the attorneys[3] who represented AFI in the litigation underlying the interpleader which produced the judgment and, in turn, the interpleaded fund.

AFI now asks this Court to do exactly what the Missouri federal court has been asked to do: Determine how and to whom the remaining judgment proceeds should be paid. The judgment proceeds represent the sole asset of value of the proposed Estate, so the proceedings in this proposed bankruptcy case would not be more extensive or serve any additional purpose than those in the interpleader action. Prior to the filing of the bankruptcy petition, the Western Missouri federal district court had already acquired possession of the *res* at issue and continues

---

[1] The opinion is reported at 538 F.3d 969.
[2] According to an order entered on September 10, 2008, $7,103,766.05 was deposited in the court registry. Upon motion, the Court ordered that the entry be amended to $7,110,233.21 to reflect the actual amount deposited.
[3] Kempton & Russell, LLC and Foland & Wickens, PC, listed by AFI in its Statement of Financial Affairs.

to hold it *in custodia legis*. This Court cannot compel that court to turn over the interpleaded funds. Without access to the funds, these proceedings in bankruptcy will serve no useful purpose.

As this bankruptcy proceeding will not advance the interests of AFI, or its creditors, and will not serve judicial economy and efficiency and will not do anything to preserve the Estate assets that the Western District of Missouri is not already doing, the principles of comity prevailing among the federal courts dictate that this Court should dismiss the bankruptcy petition filed, or at least suspend proceedings pursuant to it including lifting the automatic stay pending the outcome of the prior filed interpleader action.

## DISMISSAL/ABSTENTION

A bankruptcy court has discretion to dismiss a Chapter 11 case or suspend all proceedings in such a case at any time if "the interests of creditors and the debtor would be better served by dismissal or suspension." 11 U.S.C. § 305. Whether such interests are better served by dismissal or suspension is a fact sensitive inquiry and the determination is made on a case by case basis. *In re Fortran Printing,* 297 B.R. 89, 94 (N.D.Ohio 2003). Some factors courts have used to guide their decisions include the presence of unsettled non-bankruptcy law issues; availability of another forum; economy and efficiency of administration; the purpose of the bankruptcy; and the nature of the assets. *In re International Zinc Coatings & Chemical Corp.,* 355 B.R. 76, 82 (N.D.Ill. 2006).

## ARGUMENT

*Principles of Comity*

The judgment proceeds, which represent the sole significant asset listed by AFI, were paid into the registry of the Missouri Western District federal court some four months prior to AFI's filing of its bankruptcy petition. Principles of comity dictate that where one court of

3
Case 09-20173   Doc# 34   Filed 03/04/09   Page 3 of 8

competent jurisdiction assumes proper in rem jurisdiction over particular property, the property is withdrawn from the jurisdiction of all other courts. *Lion Bonding & Surety Co. v. Karatz,* 262 U.S. 77, 88-89 (1923).[4] Possession of the *res* disables other courts of coordinate jurisdiction from exercising any power over it. *Id.*, citing *Farmers' Loan & Trust Co. v. Lake Street Elevated R.R. Co.,* 177 U.S. 51, 61 (1900). The court which first acquires jurisdiction through possession of the property has the right to determine for itself how far it will permit any other court to interfere with such possession and jurisdiction. *Lion Bonding,* 262 U.S. at 89, citing *Palmer v. Texas,* 212 U.S. 118, 126 (1909). The rule is "essential to the orderly administration of justice" and is designed to prevent unseemly conflicts between courts whose jurisdiction overlaps. *Farmers' Loan & Trust,* 177 U.S. at 61.

Here, it is beyond dispute that the State of Missouri deposited the judgment proceeds which comprise the interpleaded fund with the Clerk of the Missouri Western District federal court. It is also beyond dispute that the Western District federal court accepted jurisdiction of the *res* and of the disputes among the rival claimants to the funds pursuant to the interpleader complaint filed by the State of Missouri [See Orders by which funds were accepted, Docs. #169, 170, and 173, entered in cause no. 02-CV-1182]. Thus, the Western District of Missouri federal court clearly has subject matter jurisdiction over the interpleader action pursuant to 28 U.S.C. §1335 and Fed. R. Civ. Pro. 22. Therefore, the later invoked jurisdiction of this Court is improper.

### *Interpleaded Funds Are Not Assets of the Estate*

---

4. See also *Carney v. Sanders,* 381 F.2d 300, 302 (5th Cir. 1967): "The federal courts have consistently applied to conflicts between bankruptcy and other courts the long established rule that where a court of competent jurisdiction has acquired possession of a *res* by appropriate proceedings, such property is thereby withdrawn from the jurisdiction of all other courts." The rule has also been recognized by this Court. *In re Coleman American Cos.,* 8 B.R. 384, 388 (D.Kan. 1981).

4

Case 09-20173   Doc# 34   Filed 03/04/09   Page 4 of 8

The interpleaded funds are held *in custodia legis* by the Clerk of the Western District of Missouri federal court. Where the clerk of a district court holds interpleaded funds, he or she holds such funds only for those persons judicially found by the court to be entitled to them. *In re Casco Chemical Co.,* 335 F.2d 645, 649 (5th Cir. 1964). Where the funds are deposited and interpleaded by a party other than a debtor, and a debtor is but one of multiple claimants to the fund, the funds are not deemed property of the debtor or of the debtor's estate for purposes of bankruptcy until a hearing has occurred and such a determination has been made by the interpleader court in the interpleader action. *Id*. Under 11 U.S.C. § 541, the property of the bankruptcy estate includes all legal and equitable interests of the debtor in property at the commencement of the case. The purpose of an interpleader action is to determine title to a *res*, and until such determination is made the property constituting the *res* is not property of the bankruptcy estate of one or more of the interpleader defendants. *National Cooperative Refinery Association v. Rouse,* 60 B.R. 857, 860 (D.Colo. 1986). Given that AFI has no equitable or legal interest in the interpleaded funds until and unless the court which holds such funds so determines, AFI had no cognizable legal or equitable interest in the interpleaded funds at the commencement of the bankruptcy proceeding. In its role as debtor-in-possession in the bankruptcy case, AFI might assert a claim in the interpleader action to the interpleaded funds on behalf of the bankruptcy estate, but such a claim would be contingent on the outcome of the interpleader action and would do no more than would the claim already asserted by AFI in the interpleader case on its own behalf prior to filing for bankruptcy relief.

*11 U.S.C. § 305 factors*

None of the previously cited factors considered in the §305 analysis point toward this Court going forward with the Chapter 11 proceedings, at least until the interpleader is concluded.

5
Case 09-20173    Doc# 34    Filed 03/04/09    Page 5 of 8

Clearly, another forum is both available and already in the process of adjudicating the matter. The issues as framed by the pleadings in that matter include the unsettled non-bankruptcy issues involved in determining the sureties' rights to demand that the State of Missouri set off out of the funds ultimately interpleaded its claims against AFI arising out of AFI's reclamation obligations imposed by Missouri statutes. As the Missouri federal district court has become familiar with the underlying facts and relevant parties since the filing of the action before it in 2002, economy and efficiency of administration dictate that it is the proper court to determine the outcome. Additionally, in bankruptcy the debtor-in-possession and its attorneys would incur additional expenses in administering the Estate and be able to assert priority claims for payment for such services. This would have the effect of reducing the assets available to those parties determined to be entitled to them by paying AFI and its attorneys before any monies are distributed. Further, and aside from the comity and *custodia legis* concerns, the continuation of the bankruptcy case would be duplicative of the interpleader action. In sum, all factors point toward dismissal or suspension of the Chapter 11 proceedings by this Court. If it is determined in the interpleader that AFI is entitled to a portion of the judgment proceeds, it may then become appropriate for this Court to re-assert jurisdiction and oversee liquidation of AFI. Until such time, continuation of the bankruptcy case is both unnecessary and inappropriate.

It is clear that AFI intends to file a plan of liquidation. AFI has not engaged in its usual course of business for a number of years. According to its schedules, it has no equipment, no business premises and no other assets which could be used to recommence such activities. The summary of schedules filed by AFI lists outstanding debts of nearly $11 million, while assets are listed at less than $5 million. Clearly, therefore, the "fresh start" policy favoring rehabilitation of the debtor is inapplicable and does not overcome the Missouri federal district court's prior

assertion of jurisdiction over the *res*. In short, a bankruptcy proceeding will not serve any purpose beyond the purpose served by the interpleader action. The only issues to be determined in either proceeding will be which claimants or creditors are entitled to the interpleaded funds, and to what extent they are so entitled. Such issues have already been framed for the most part by the pleadings filed in the interpleader action, including those filed by AFI. If the bankruptcy case had a purpose other than to distribute or liquidate AFI's sole asset, or if there were additional assets to distribute not held by the Missouri federal court, the result might be different. As it stands, however, this Court is being asked to do what is already being done by another court of concurrent jurisdiction.

## CONCLUSION

For the foregoing reasons, Travelers' Motion to Dismiss or Suspend should be granted, and this Court should at minimum suspend the proceedings herein until the interpleader action pending in the United States District Court, Western District of Missouri, is concluded, and lift the automatic stay until such time.

**GILLILAND & HAYES, P.A.**

By: s/ Keith Witten
Keith Witten
Kansas Bar No. 07296
8717 West 110th Street, Suite 630
Overland Park, KS 66210
913.317.5100 -telephone
913.317.9100 – facsimile
kwitten@gh-kc.com

REINERT & ROURKE, P.C.

By: /s/ Bernard A. Reinert
Bernard A. Reinert
812 North Collins, Laclede's Landing
St. Louis, MO 63102
314.621.5743 – telephone
314.621.8071 – facsimile
breinert@reinertrourke.com
breinert@reinertrourke.com

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of March, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to Gary H. Hanson and Todd A. Luckman, Stumbo Hanson, LLP, 2887 SW MacVicar, Topeka, KS 66611, attorneys for debtor Alternate Fuels, Inc. and U.S. Trustee, Office of the United States Trustee, 301 North Main Street Suite 1150, Wichita, KS 67202; and I certify that I have mailed by United States Postal Service the above document to the following non-CM/ECF participants: John W. Capito, Chairman, President & Board of Director [sic], Alternate Fuels, Inc., P.O. Box 8007, Prairie Village, KS 66208

s/ Keith Witten
Attorney for Party in Interest Travelers
Casualty & Surety Company