IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | |
| **ALTERNATE FUELS, INC.** ) | Case No.: 09-20173 |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |

**BEACHNER COMPANIES' MEMORANDUM IN SUPPORT
OF THEIR JOINDER IN PARTY-IN-INTEREST
TRAVELERS CASUALTY & SURETY COMPANY'S MOTION TO DISMISS OR
SUSPEND, AND MOTION TO DISMISS PURSUANT TO 11 U.S.C. § 1112(b)(1)**

Beachner Brothers; Beachner Construction Company, Inc.; Western Contracting Corporation; Northeastern Oklahoma Contracting Corporation; and Western Bridge Company, Inc. (collectively, the "**Beachner Companies**"), for their Memorandum in Support of their Joinder in Party-in-Interest Travelers Casualty & Surety Company's Motion to Dismiss or Suspend, and Motion to Dismiss pursuant to 11 U.S.C. § 1112(b)(1), respectfully state to the Court as follows:

**FACTUAL BACKGROUND**

1. The Beachner Companies restate and incorporate by reference the Introductory Statement in the Supporting Memorandum.[1]

2. The Debtor was a coal mining company doing business at one time in both Kansas and Missouri.

3. Under the terms of a contract, Debtor granted the Beachner Companies royalties from certain of Debtor's coal-mining operations, and the Beachner Companies agreed to procure surety bonds to allow Debtor to begin operations on permitted areas of the Blue Mound Mine.

4. The Beachner Companies, as co-applicants with the Debtor, procured from Continental Insurance Company and Continental Casualty Company ("**Continental**") a total of six (6) surety bonds ("**Bonds**") for the Debtor. The Beachner Companies are the indemnitors of each of the Bonds held by Continental for Debtor. Under the terms of the bonds, the Beachner Companies have an obligation to indemnify Continental for all losses and expenses related to the Bonds, including attorneys' fees. Likewise, the Debtor has an obligation to indemnify the Beachner Companies and Continental for all losses and expenses related to the Bonds, including attorneys' fees.

5. Debtor was obligated to perform all reclamation deemed required by Missouri law in connection with its mining operation.

6. The Missouri Land Reclamation demanded that Debtor perform reclamation at the Blue Mound Mine, and Debtor failed to so for the stated reason that it lacked the financial ability to do so due to the actions of Tom Cabanas.

7. The Missouri Land Reclamation Commission ("**Commission**") issued an order revoking Debtor's mining permits and forfeiting the bonds issued to Debtor by Continental for which the Beachner Companies were the indemnitors; the Beachner Companies and Continental appealed this order.

8. On March 12, 2008, the Beachner Companies and Continental entered into a settlement agreement with the Commission where the Beachner Companies and Continental agreed to perform reclamation at the Blue Mound Mine in exchange for the Commission agreeing not to forfeit the bonds.

---

[1] Capitalized terms not expressly defined herein have the same meaning as set forth in the Beachner Companies' Joinder in Party-in-Interest Travelers Casualty & Surety Company's Motion to Dismiss or Suspend, and Motion to Dismiss Pursuant to 11 U.S.C. § 1112(b)(1).

9. Debtor ultimately failed to perform reclamation at the Blue Mound Mine that was required by law, failed to pay the Beachner Companies money owed under their agreement, and failed to indemnify and reimburse the Beachner Companies for all costs, expenses, attorneys' fees incurred and to be incurred by the Beachner Companies related to the reclamation work to be performed for Debtor at the Blue Mound Mine and the preservation of the bonds required by the Beachner Companies' indemnity obligation to Continental.

10. As a result of the Debtor's actions, the Beachner Companies now hold claims against the Debtor sounding in equity and contract and are parties-in-interest in this bankruptcy case.

11. The Beachner Companies were one of the parties mentioned in the Supporting Memorandum that intervened in the United States District Court, Western District of Missouri interpleader action and asserted their interests in the interpleaded funds.

**LEGAL ARGUMENT**

Pursuant to § 1112(b)(1) of the Bankruptcy Code, a party in interest may request a dismissal of a Chapter 11 case from the bankruptcy court, upon establishment of "cause." The bankruptcy court has broad discretion in deciding whether to grant the request for dismissal. *Hall v. Vance*, 887 F.2d 1041, 1044 (10th Cir. 1989). Cause may be established upon a showing of a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." § 1112(b)(4)(A). Establishing a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" involves two components:

> First, it tests whether, after the commencement of the case, the debtor continues to experience a negative cash flow, or, alternatively, declining asset values. Second it tests whether there is any reasonable likelihood that the debtor, or some other

party, will be able to stem the debtor's losses and place the debtor's business enterprise back on a solid financial footing within a reasonable amount of time.

*Bartmann v. Commercial Fin. Servs., Inc. (In re Bartmann)*, No. NO-03-078, 2004 WL 1057662, at *4–5 (B.A.P. 10th Cir. May 10, 2004) (citations omitted).

When considering the first component, courts look "to both the financial prospects of the [d]ebtor and the financial records filed with the [c]ourt. . . . Negative cash flow and an inability to pay current expenses as they come due can satisfy the continuing loss or diminution of the estate standard for purposes of § 1112(b)." *In re Pinnacle Labs., Inc.*, No. 11-08-10239 SA, 2008 WL 5157981, at *3 (Bankr. D. N.M. June 19, 2008). When considering the second component, courts look to whether the debtor is generating any income and whether it has any employees. *See In re Kuluvar Realty Enters., LLC*, No. BK07-81447-TJM, 2008 WL 974837, at *1 (Bankr. D. Neb. April 8, 2008) (holding that the absence of a reasonable likelihood of rehabilitation was shown by the fact that there had been no income generated by the debtor); *In re Emergystat of Sulligent, Inc.*, No. 07-51394, 2008 WL 597613, at *8 (Bankr. E.D. Tenn. Feb. 29, 2008) (holding that the absence of a reasonable likelihood of rehabilitation was shown by the fact that the debtor was not currently operating any ambulances and it had no employees). Both components must be satisfied in order to dismiss a Chapter 11 case from the bankruptcy court under § 1112(b)(1). *See Bartmann*, 2004 WL 1057662, at *5.

Here, the Debtor's Schedules reveal that the Debtor's business is generating no income and the Debtor has no assets which it could use to recommence its business activities, resulting in the inability of the Debtor to satisfy expenditures as they come due. Further, under the veil of administrative expenses and attorneys' fees and costs, the Debtor is trying to drain its sole asset of its bankruptcy estate. As a result, the Debtor is currently experiencing a continuing loss or

diminution to its bankruptcy estate, and the Debtor has no reasonable likelihood of rehabilitation. Cause, therefore, exists to dismiss the Debtor's bankruptcy case pursuant to § 1112(b)(1).

## CONCLUSION

For the reasons enumerated above, the Beachner Companies believe (a) that they have established the requisite cause warranting dismissal of the Debtor's bankruptcy case and (b) that dismissal of the Debtor's bankruptcy case would be in the best interests of creditors and the Debtor's bankruptcy estate. The Beachner Companies, therefore, request that the Debtor's bankruptcy case be dismissed pursuant to § 1112(b)(1).

Respectfully submitted,

LATHROP & GAGE LLP

By:    s / Stephen B. Sutton
       Stephen B. Sutton    KS #70009
       Jennifer Stockton Griffin  KS #17814
       2345 Grand Boulevard, Suite 2800
       Kansas City, Missouri 64108-2684
       Telephone: (816) 292-2000
       Telecopier: (816) 292-2001
       Email: ssutton@lathropgage.com
       Email: jgriffin@lathropgage.com

**ATTORNEYS FOR THE BEACHNER COMPANIES**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 18, 2009, a true and correct copy of the above and foregoing was forwarded via ECF Notification on all parties receiving such notification.

                                              s/ Stephen B. Sutton
                                              An Attorney for the Beachner Companies