IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ALTERNATE FUELS, INC. ) | |
| ) | Case No.: 09-20173 |
| Debtor ) | |
| ) | |

**TRAVELERS CASUALTY & SURETY COMPANY'S SUPPLEMENTARY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR SUSPEND**

COMES NOW Party-in-Interest and Creditor, Travelers Casualty & Surety Company ("Travelers"), and for its Supplementary Memorandum in Support of Its Motion to Dismiss or Suspend states as follows:

**INTRODUCTORY STATEMENT**

The Debtor, Alternate Fuels, Inc. ("AFI")[1] filed its Voluntary Chapter 11 Petition in the instant matter on or about January 28, 2009. Shortly thereafter, AFI as debtor in possession filed its Adversary Complaint against the Clerk for the Missouri Western District federal court, seeking turnover of funds interpleaded with that court by the State of Missouri on September 10, 2008, claiming such funds to be the principal asset of the bankruptcy estate.

On March 4, 2009, Travelers, as listed creditor of AFI in the bankruptcy and interpleader defendant in the Missouri federal action, filed its Motion to Dismiss or Suspend this bankruptcy case, which was heard by this Court on March 20, 2009. Travelers' principal arguments are that (1) principles of comity existing among federal courts dictate that this Court at least suspend this case until the prior filed interpleader action is decided, and (2) the interpleaded funds were not property of AFI at the time of filing of this action, and thus are not property of the estate over which this Court has jurisdiction. AFI's principal argument in response is that this Court is a

---

[1] However, see the final section of this brief in which it is argued that it was Larry Pommier who filed the petition without authority to file on AFI's behalf.

better or more appropriate forum in which the funds may be disbursed. AFI further argues that the case filed in the Missouri federal court is not an appropriate interpleader, in essence suggesting that this Court declare that the Missouri federal court improperly asserted jurisdiction over the interpleaded funds.

The United States Attorney's Office appeared and argued against Travelers' motion. All other parties appearing joined in Travelers' motion, including the State of Missouri, W.K. Jenkins, Continental Insurance Company, and the Beachner parties. John W. Capito appeared pro se in support of his own Motion For Dismissal on separate grounds.[2] This Court took the matter under submission and allowed for supplementary briefs to be filed by March 27.

## ARGUMENT

A. ***Comity Is a Threshold Issue Which Requires This Court to Dismiss or Suspend the Proceedings Herein.***

Travelers has pointed to long established binding precedent[3] in support of its argument that the prior assertion of jurisdiction over the funds at issue precludes this Court from asserting jurisdiction over the same funds. AFI has attempted to shift the argument and avoid this threshold matter by framing the issue as which court, this Court or the Missouri federal District Court, is the "better" or "more appropriate" venue. AFI relies on one Sixth Circuit Court of Appeals opinion to address the comity issue, *NLT Computer Services Corp. v. Capital Computer*

---

[2] Mr. Capito's claim is that he is the owner of AFI and brought the motion in the name of AFI. As he had not retained counsel at the time of the hearing, he therefore was unable to argue his motion.

[3] *Lion Bonding & Surety v. Karatz*, 262 U.S. 77 (1923) ("Where a court of competent jurisdiction acquires possession of a res by appropriate proceedings, taken property into its possession through its officers, the property is thereby withdrawn from the jurisdiction of all other courts."); *Cassity v. Pitts*, 995 F.2d 1009 (10th Cir. 1993) ("'Further, '[A] court's otherwise valid power to take jurisdiction of an in rem action is qualified by the rule that when a court of competent jurisdiction has obtained possession, custody, or control of the disputed res in an in rem action, that possession cannot be disturbed by any other court.'"); *In re Colman American Cos.*, 8 B.R. 384 (D.Kan. 1981) ("Where a court of competent jurisdiction acquires possession of a res by appropriate proceedings, such property is withdrawn from jurisdiction of all other courts."). Travelers further notes that at the hearing counsel for the U.S. Attorney argued that the rule of comity is not "immutable." However, the above quotes are not cast in permissive language. Even if the rule is not "immutable," the issue is to be decided by the Article III court with prior asserted jurisdiction over the funds.

*Systems Inc.*, 755 F.2d 1253 (1985). Aside from the fact that unlike the cases cited by Travelers such opinion is not binding precedent on this Court, the issue raised by Travelers here was not substantively addressed in *NLT*. In fact, the *NLT* court noted of its own initiative in remanding the case to the district court its concern that an Article III judge must make this essentially constitutional jurisdictional determination, barring consent of all parties. Further, the *NLT* case was distinguished a year later in a case more similar to the facts here in *National Cooperative Refinery Ass'n v. Rouse*, 60 B.R. 857 (D.Colo. 1986). In *National Cooperative*, like in this case, both the debtor defendant and interpleader plaintiff continued to assert an interest in the property at issue. Such was not the case in *NLT*, which was distinguished on that basis in *National Cooperative*.

Further, the rationale for the rule of comity is the promotion of the orderly administration of justice and the prevention of unseemly conflicts between courts of concurrent jurisdiction. That purpose will not be served by maintaining this case, which may well create future conflicts involving the Courts of Appeal of both the Eighth and Tenth Circuits, as well as the District Court for the District of Kansas. Judicial economy, which is part of the doctrine of comity, certainly will not be served by the two litigations proceeding on separate tracks through separate federal Courts of Appeal to the United States Supreme Court. There are claims pending between parties to the interpleader action which will not come over to this Bankruptcy Court upon turnover of the interpleaded funds to this Court, among them Travelers' claim versus the State of Missouri seeking discharge of its bond obligations.

### B. The Missouri Court Is the More Appropriate Forum to Address the Substantial Issues of Missouri Statutory Law Inextricably Interwined With This Case.

Even if the argument was really about which court is the more appropriate forum to decide the issues raised herein, the Missouri court is the more appropriate forum. While it is

conceded that this Court is expert in the liquidation of corporate assets, the issues involved here go far beyond the liquidation of the interpleaded funds. All parties appear to recognize that the vast majority of the obligations to be satisfied by the judgment proceeds presently interpleaded with the Missouri federal court arise from two sources: (1) the uncompleted reclamation work by AFI at the Missouri Blue Mound Mine site which is required to be completed according to Missouri law, and (2) assignments of interests in the judgment which was entered by a Missouri federal court. Both types of asserted interest in the funds are governed by Missouri law. The claims and issues concerning the reclamation work involve the application and interpretation of Missouri's Surface Coal Mining Law, R.S.Mo. § 444.760 et seq., which Law is interpreted and enforced by the State of Missouri Department of Natural Resources. Determinations concerning the specifics of what actually needs to be done to complete the work will require time and the input of the State of Missouri. Ensuring that monies sufficient to complete the work are withheld will be key to resolving many of the claims of the interpleader defendants and listed creditors. While the assignments may purport to be made pursuant to Kansas law, certainly the issue of their perfection and enforceability is governed by Missouri law.

Additionally, there are issues that have been raised in the interpleader action that this Court cannot decide. An example is Travelers' argument that failure of the State of Missouri to set off from the judgment sufficient funds to satisfy AFI's reclamation obligations would result in discharge of Travelers' bond. This is simply beyond the scope of this bankruptcy, administered in the State of Kansas.

### C. *The Concerns Regarding Inability to Join All Parties in the Interpleader are Unfounded.*

It was suggested at the hearing on March 27 that the present parties asserting an interest in the funds would be paid out disproportionately in the interpleader, at the expense of unknown

additional creditors not joined in that action. Under 28 U.S.C. §2361, however, a federal interpleader court is vested with the power of nationwide service. Now that AFI has identified its creditors in this bankruptcy, all such parties may be named as additional defendants and served in the interpleader case. In fact most of the parties already appear to be joined. Additionally, any other interested parties may intervene, and several such parties not originally named as defendants in the interpleader action have done so already.

### D. This Case Should Be Dismissed Because Larry Pommier Had No Authority to File Bankruptcy on Behalf of AFI.

This Court is aware of the Motion For Dismissal filed by John W. Capito, in which Mr. Capito claims to be the sole owner, director and officer of AFI. While it is conceded that Travelers likely has no standing to argue Mr. Capito's motion itself, it seems important that the issues raised by that motion be addressed before this case proceeds.

The "law is clear that the decision of whether or not a corporation should file bankruptcy is a business decision to be made only by the board of directors." "A filing of a bankruptcy petition is a special act that requires special authorization by the board and is not a general duty of a corporate officer." *In re Moni-Stat, Inc.,* 84 B.R. 756, 757 (D.Kan. 1988). In *Moni-Stat*, the only two directors of a corporation were in a deadlock on whether to file bankruptcy. One director, who was also the president of the company, went ahead and filed for Chapter 11 on behalf of the corporation, without attaching a corporate resolution authorizing the petition. The sole issue was whether the filing director had authority to file on behalf of the company, and the court held simply: "The answer is clearly no." *Id.*

Here, Larry W. Pommier has signed the bankruptcy petition in his capacity as president of AFI. There is no indication that he is an owner or director of the company, that he had the consent of the board of directors to file the petition, nor is a corporate resolution approving the

5

act attached to the petition. And in fact the indication is that he was not even president of AFI at the time of the bankruptcy filing. At the very least, in light of the Capito motion, the court cannot do otherwise than await further development of the record by proof, whether it be by affidavit or otherwise, showing who AFI is, —is it Pommier? Or is it Capito? Or is it someone else? Whoever it is must be duly authorized by a showing on the record of authority to file the bankruptcy.

## CONCLUSION

For the foregoing reasons as well as the reasons stated in Travelers' Memorandum in Support of Its Motion to Dismiss or Suspend, Travelers' Motion to Dismiss or Suspend should be granted, and this Court should dismiss or at a minimum suspend the proceedings herein until the interpleader action pending in the United States District Court, Western District of Missouri, is concluded. The Court should also lift the automatic stay to permit the parties to proceed in the interpleader action.

**GILLILAND & HAYES, P.A.**

By: /s/ Keith Witten
Keith Witten
Kansas Bar No. 07296
8717 West 110th Street, Suite 630
Overland Park, KS 66210
913.317.5100 –telephone
913.317.9100 – facsimile
kwitten@gh-kc.com

**REINERT & ROURKE, P.C.**

By:    /s/ Bernard A. Reinert
Bernard A. Reinert
812 North Collins, Laclede's Landing
St. Louis, MO 63102
314.621.5743 – telephone
314.621.0871 – facsimile
breinert@reinertrourke.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on March 27, 2009, a true correct copy of the foregoing Travelers Casualty & Surety Company's Supplementary Memorandum in Support of its Motion to Dismiss or Suspend was sent via electronic mail through the Court's CM/ECF noticing system to those parties receiving notices electronically and via U.S. mail, first-class, postage prepaid to all parties listed on the attached matrix who do not receive notices electronically.

      s/ Keith Witten
      Attorney for Party in Interest Travelers
      Casualty & Surety Company