**SO ORDERED.**

**SIGNED this 08 day of May, 2009.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Designated for On-line Use but not for Print Publication

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| ALTERNATE FUELS, INC., | CASE NO. 09-20173 |
| | CHAPTER 11 |
| DEBTOR. | |

### MEMORANDUM OPINION AND ORDER DENYING
### MOTIONS TO DISMISS OR SUSPEND

Following argument on March 20, 2009, the Court took under advisement the motion of creditor Travelers Casualty Company ("Travelers") to dismiss or suspend pursuant to § 305[1] (hereafter "Motion"), in which creditors Beachner Companies[2] and W. K. Jenkins[3] joined. In addition, the Court took under advisement the motion of Beachner Companies to dismiss or

---

[1] Doc. 32.

[2] Doc. 57.

[3] Doc. 63.

convert under § 1112(b)(1).[4] Debtor Alternate Fuels, Inc. ("AFI") appeared by Gary Hanson of Stumbo Hanson, LLP. Travelers appeared by Keith Witten of Balkin Witten and Bernard Reinert and Chris Michener of Reinert Weishaar & Associates. Sharon Euler, Assistant Attorney General, appeared for the State of Missouri. Jennifer Stockton Griffin of Lathrop & Gage, LLP appeared for Beachner Brothers. Debra Hopkins and Harold Caskey of Caskey Hopkins & West appeared for W. K. Jenkins Surety. Nellie Baker of Newman Comley Ruth, PC appeared for Continental Insurance Company. The United States of America appeared by Assistant United States Attorneys Andrea Taylor and Christopher Allman. William Schantz appeared on behalf of the United States Trustee. The Court has jurisdiction.[5]

The Debtor's adversary complaint for turnover[6] of funds held by the clerk of the District Court for the Western District of Missouri (hereafter "Complaint") was taken under advisement at the same time and is the subject of a separate order granting Traveler's motion to intervene and the Complaint for turnover. The findings of fact and conclusions of law in that order are incorporated herein.

---

[4] Doc. 57. A Motion for Dismissal has also been filed by John W. Capito. (Doc. 19). That motion is not under advisement, as factual discovery will be required to resolve that factual basis for the motion.

[5] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion to dismiss or suspend is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A). There is no objection to venue or jurisdiction over the parties.

[6] *Alternate Fuels, Inc. v. United States, acting through the Clerk of the United States District Court for the Western District of Missouri*, adv. case no. 9-06018.

**BACKGROUND FACTS.**

Prepetition, on or about September 29, 2006, the District Court for the Western District of Missouri entered a judgment on a claim of tortious interference with business activities in favor of Debtor AFI on a jury verdict in the amount of $6,463,778 against Tom Cabanas.[7] The judgment was affirmed by the United States Court of Appeals for the Eighth Circuit on August 15, 2008. On September 8, 2008, Tom Cabanas, as plaintiff in interpleader, but under the same case number as the tort litigation, filed an interpleader under the authority of 28 U.S.C. § 1335. The interpleader complaint alleges that as of the date of filing the amount of the judgment plus interest was $7,103,766.05 and that Cabanas had received conflicting claims for payment of the proceeds of the judgment from Kempton & Russell, LLC; Foland & Wickens, PC.; Stumbo Hanson, LLP.; W. K. and Earline Jenkins; the Missouri Department of Natural Resources; and Travelers. Shortly after the filing of the interpleader, the judgment amount was deposited with the clerk of the court. Additional parties intervened. The parties met for settlement conference/mediation on December 16, 2008, and $2,199,425.58 was paid out of the registry with consent of all the parties to the attorneys who represented AFI in the tort litigation.[8] There has not been a planning meeting, and discovery is in very initial stages.

Debtor AFI filed a voluntary petition under Chapter 11 on January 28, 2009. Debtor was previously engaged in coal mining operations in Kansas and Missouri. The Statement of Financial Affairs reports no income from business for years 2006 through 2008, and the asset schedules of assets report no real property, machinery of unknown value, and $4,910,807.63 in

---

[7] *Alternate Fuels, Inc. v. Tom Cabanas, et al*, case no. 02-1182-CV-W-JTM, United States District Court for the Western District of Missouri.

[8] Kempton & Russell, LLC and Foland & Wickens, PC.

judgment proceeds on deposit with the Clerk of the District Court for the Western District of Missouri. Scheduled liabilities are $10,969,807.58, comprised of $4,666,060.53 in claims secured by assignment of the judgment proceeds, $1,618,703.51 unsecured priority claims, and $4,685,043.54 unsecured nonpriority claims. The liabilities are of essentially two types. The first type is unliquidated claims and arise from AFI's ongoing reclamation obligations in the State of Missouri, for which bonds have been posted by some creditors, such as Travelers, Continental, and Jenkins. The second set is claims for money owed. Debtor filed under Chapter 11 not for the purpose of reorganization of an ongoing business, but to resolve its reclamation liability and achieve payments of claims.

On February 3, 2009, AFI filed an adversary complaint[9] against the United States, acting through the Clerk of the United States District Court for the Western District of Missouri. The Complaint alleges in Count I that the current funds in the court's registry in Case no. 02-1182-CV-W-JTM are property of the estate under § 541 and should be turned over to the debtor in possession pursuant to §542(a) or § 543(b). In Count II, the Complaint seeks mandatory injunctive relief under §105 requiring turnover of the funds. Defendant United States did not file an answer in the adversary case but appeared at the March 20 hearing. Counsel announced on the record that it supports the Debtor's turnover Complaint. Over the objections of Travelers, by separate order, the Complaint for turnover has been granted.

---

[9] *Alternate Fuels v. United States of America*, adversary case no. 9-06018.

**THE MOTIONS AND POSITIONS OF THE PARTIES.**

On March 3, 2009, Travelers filed the Motion to dismiss or suspend pursuant to § 305.[10] It argues that principles of comity require this Court to suspend or dismiss this Chapter 11 case in deference to the interpleader action in the District Court for the Western District of Missouri which acquired in rem jurisdiction over the impleaded funds approximately four months before the bankruptcy was filed. Travelers further argues that the funds on deposit are not property of the AFI estate and the § 305 conditions for abstention are present. As stated above, Beachner Companies[11] and W. K. Jenkins[12] join in Traveler's Motion. At argument, the State of Missouri, Continental, and Jenkins joined in the Motion contending that the interpleader court is the more appropriate forum.

Debtor opposed dismissal or suspension. It argues the deposited funds are property of the estate, that preference should not be given to the interpleader since in its view that action was not properly commenced, and that the interpleader provides no mechanism for the district court to deal with the reclamation issues, resolution of which is necessary to determine the Debtor's and ultimately the bonding companies' liabilities, or to determine the amount or priority of AFI's debts. Debtor asserts that dismissal would not be in the best interests of creditors and the Debtor, as required by § 305. At oral argument, the United States Trustee and the United States

---

[10] 11 U.S.C. § 305 provides in part:
    (a) The court, after notice and hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if –
        (1) the interest of creditors and the debtor would be better served by such dismissal or suspension;

[11] Doc. 57.

[12] Doc. 63.

as defendant in the adversary case supported turnover of the funds and opposed dismissal of the bankruptcy, taking the position that the bankruptcy court is the preferable forum.

The Beachner Companies, when moving to join in the Travelers' Motion, also moved to dismiss pursuant to § 1112(b)(1). The other parties have not addressed this motion.

**ANALYSIS AND CONCLUSIONS OF LAW.**

    A. MOTION TO ABSTAIN UNDER § 305.

Traveler's Motion is brought pursuant to § 305, abstention. It provides that the "court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings, in a case under this title . . . if the interests of creditors and the debtor would be better served by such dismissal or suspension."[13] "This decision [to abstain] is discretionary and is made on a case by case basis."[14] Because of the best interest requirement, few fact patterns fall within § 305(a).[15] "According to the legislative history, the prototypical fact pattern under section 305(a)(1) involves out-of-court workouts,"[16] and some court limit application to involuntary cases filed by creditors to extract more favorable treatment in workout negotiations.[17]

In this case, the Court finds that the best interests of the debtor and creditors would not be served by dismissal or suspension. The Bankruptcy Code includes established procedures for notice to all creditors and the assertion of claims by persons other than the interpleader

---

[13] 11 U.S.C. § 305(a).

[14] 2 *Norton Bankr. L. & Prac*. 3d § 24:1 (Thompson/West 2008).

[15] 2 *Collier on Bankruptcy* ¶ 305.02[1](Alan N. Resnick & Henry J.Sommer eds.-in-chief, 15th ed. rev. 2008).

[16] *Id*., ¶ 305.02[2][a].

[17] *Id*.

6

defendants.  It provides a forum for speedy resolution of claims and priorities.  It provides the Debtor protection from piecemeal litigation of claims and access to estate funds for the payment of defense costs.  In addition, Debtor contends that the interpleader court lacks a mechanism for requiring the State of Missouri to deal with the reclamation issues, the resolution of which is necessary to determine the liability of those posting bonds on AFI's behalf, such as Travelers.  The bankruptcy case is superior to the interpleader action for determining entitlement to the deposited funds.

Traveler's Motion to dismiss or suspend is grounded on the fact that the interpleader court asserted jurisdiction over the impleaded funds before the bankruptcy was filed and the argument that this Court lacks jurisdiction over the funds.  For the reasons stated in the order granting the turnover Complaint, the Court has ordered turnover of the impleaded funds to the Debtor in possession.  This turnover order deprives the interpleader court of jurisdiction over the deposited funds, and, given this order, abstention or suspension would be absurd.  Section 305 provides for abstention when it is in the best interests of the debtor and creditors, not for withdrawing jurisdiction to the preference of another court which first asserted jurisdiction over property of the estate.

In addition, the Court rejects Traveler's contentions that comity requires this Court to dismiss or suspend, that the Missouri forum is more appropriate, and that the conditions for dismissal or suspension under § 305 are present.  The Court finds that comity is not a consideration because the District Court for the Western District of Missouri takes the position that this Court is better suited to resolving the conflicting claims to the impleaded funds.  For the

7

reasons stated above, this Court finds that the Bankruptcy Court is the more appropriate forum.[18]
Further, the Court finds that the conditions for abstention under § 305 are not present. The case relied upon by Travelers is *In re International Zinc Coatings & Chemical Corp.*[19] However, in that case the Debtor filed a motion to dismiss its own Chapter 7 case, and the estate had no assets. In this case the Debtor opposes dismissal, and there are significant assets. When arguing in support of abstention, Travelers asserts that the interpleader presents an alternative forum which is available to adjudicate the matter. The Court agrees that if the funds were not subject to the turnover order, interpleader would provide a forum for the interpleader defendants to assert their claims to the fund, but turnover has been ordered. The fact that AFI intends to file a plan of liquidation rather than reorganize does require dismissal. Orderly liquidation is a valid bankruptcy purpose. As noted above, and as held in the case relied upon by Travelers, the test under § 305 is whether the dismissal would better serve the interests of creditors and the debtor. Evidently, but for reasons not clearly stated to the Court, Travelers and other bonding companies believe their interests will be better served by the interpleader action. However, Travelers makes no argument that Debtor's interests would be better served, and such a showing is required for dismissal or suspension under § 305.

For the foregoing reasons, and the reasons stated in the order granting the Complaint for turnover, the Motion to abstain or suspend under § 305 is denied.

---

[18] The Court cannot evaluate at this stage of the proceedings whether, as contended by Travelers, there are or will be claims asserted between the interpleader defendants which could be resolved in the interpleader but not in the bankruptcy case.

[19] *In re Int'l Zinc Coatings & Chemical Corp.*, 355 B.R. 76, 82 (Bankr. N. D. Ill. 2006).

8

## B. MOTION TO DISMISS UNDER § 1112(b)(1).

The Beachner Companies, in addition to joining in Travelers' Motion to dismiss or suspend, also move to dismiss under § 1112(b)(1), which provides:

> (b)(1) Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Cause is defined by subsection (b)(4) as including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." Even when cause exists, a court may decline to order dismissal or conversion, when unusual circumstances exist. The Code does not define the phrase unusual circumstances, but it "clearly contemplates conditions that are not common in most chapter 11 cases."[20]

When moving for dismissal under § 1112(b)(1), the Beachner Companies allege cause exists based upon the alleged absence of a reasonable likelihood of rehabilitation and the Debtor's purported intent to drain its sole asset to cover administrative expenses and attorney fees. This motion has not been fully developed. No evidence was offered or proffered at the hearing, and the Court makes no findings of fact on these allegations.

However, assuming that Beachner Companies could establish cause, the Court finds unusual circumstances indicating that dismissal or conversion would not be in the best interests

---

[20] 7 *Collier on Bankruptcy* ¶ 1112.04[3].

9

of the Debtor and the estate. In this case the unusual circumstance is the pending interpleader case. If the case were dismissed, the interpleader action would proceed, but the interpleader court takes the position that bankruptcy is preferable to the interpleader. This Court is not going to dismiss this case so that the claims of Travels and other bonding companies can be heard in a forum which deems itself not well suited to the task. As far as conversion to Chapter 7 is concerned, the Court finds that there is no record and no arguments from which the it can determine if conversion would better serve the purposes of the bankruptcy and therefore declines to convert the case at this time.

**CONCLUSION.**

For the foregoing reasons, and those stated in the order granting the Turnover complaint, the Traveler's Motion pursuant to § 305 and the Beachner Companies' motion to dismiss or convert pursuant to § 1112(b)(1) are denied.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###