**SO ORDERED.**

**SIGNED this 14 day of January, 2010.**



/s/ Dale L. Somers
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **ALTERNATE FUELS, INC.,** | **CASE NO. 09-20173** |
| | **CHAPTER 11** |
| **DEBTOR.** | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION OF FOWLER LAND COMPANY FOR ABSTENTION AND
CONTINUING HEARING ON MOTION OF FOWLER LAND COMPANY FOR
RELIEF FROM STAY**

The matter before the Court is the Motion of Fowler Land Company for Abstention and Relief from the Automatic Stay (hereafter "Motion").[1] Following oral argument on December 18, 2009, the Motion was taken under advisement. Appearances at oral argument were: Jeffrey K. Elnicki and Jerald S. Enslein for Fowler Land Company (hereafter "Fowler"); Christopher J. Redmond, Chapter 11 Trustee for Debtor Alternate Fuels, Inc. (hereafter "AFI"); Amber Van

---

[1] Doc. 206.

Hauen, of Husch Blackwell Sanders, LLP, counsel for the Chapter 11 Trustee; Robert J. Brundage for Continental Insurance Company and Continental Casualty Company; and Sharon K. Euler, Jeff Klusmeier, and Shelly A. Woods for the Missouri Department of Natural Resources. There were no other appearances. The Court has jurisdiction.[2]

Fowler requests abstention and relief from stay to permit it to pursue its state court remedies in the case of *Fowler Land Company, Inc. v. Alternate Fuels, Inc., et. al.*, pending in the Circuit Court of Barton County, Missouri, as Case No. 08BR-CV00734 (hereafter "Missouri State Proceeding"). An extensive memorandum in support was filed by Fowler. The Chapter 11 Trustee filed a memorandum in opposition. The Beachner Companies, Continental Insurance Company, Continental Casualty Company, and the State of Missouri Department of Natural Resources adopted the arguments of the Trustee.

Fowler is the owner of land in Barton County, Missouri on which Debtor AFI conducted surface coal mining operations pursuant to a permit issued in 1991, which included a reclamation plan. In 2006, and revised in 2007, AFI's insurer, Continental Insurance Company, filed a new reclamation plan with the Missouri Commission, which was approved by the commission on June 5, 2008. On December 15, 2008, Fowler filed the Missouri State Court Proceeding against AFI and others. The relief requested includes: An order compelling AFI and others to reclaim Fowler's land; damages from AFI and others for loss of usage of Fowler's land; and a prohibition on reclamation of Fowler's land pursuant to the 2008 reclamation plan and a declaration that the

---

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. A motion for abstention and relief from stay is a core proceedings which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A) and (G). There is no objection to venue or jurisdiction over the parties.

2

2008 is null and void. On January 28, 2009, AFI filed for relief under Chapter 11. Since that date, no proceedings have been taken in the Missouri State Court Proceedings. Fowler filed the Motion for abstention and relief from stay on September 24, 2009.

Reclamation on the Fowler land will be one of the Trustee's activities in this case. Accomplishment of that task will require resolution of the question of the appropriate reclamation plan under Missouri law. Issues related to AFI's mining operations, reclamation, and liability have been working their way through the Missouri courts for years.

**The Motion for Abstention is Denied.**

Fowler requests that the Court "abstain pursuant to 28 U.S.C. §§ 1334(c)(1) and (2) from hearing those matters that are the subject of the pending Missouri State Court Proceeding over which it has subject matter jurisdiction."[3] Section 1334 of Title 28 addresses jurisdiction over bankruptcy matters. In general , subsection (a) confers original and exclusive jurisdiction of all cases under title 11 in the federal district courts,[4] subject to the proviso in subsection (b), that district courts "have original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11." Subsection (c)(1) establishes permissive abstention by providing that the district court in the interest of comity with State courts or respect for State law may abstain from hearing a "particular proceeding" arising under title 11 or arising in or related to a case under title 11. Subsection (c)(2) established mandatory abstention by providing:

---

[3] Doc. 206.

[4] In Kansas, the federal district court has referred bankruptcy matters to the bankruptcy courts, and the bankruptcy courts rule on motions to abstain.

3

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The Court finds that abstention is not appropriate here because there is no controversy pending in the bankruptcy court from which this Court may abstain. The dictionary definition of "abstain" is "to refrain from something by one's own choice" and abstention is defined as "the act or habit of deliberate self-denial."[5] This meaning is embodied in the federal law concerning jurisdiction in bankruptcy matters. Abstention was identified by the United States Supreme Court in 1940 as a doctrine under which the bankruptcy court, which has exclusive control over the administration of a case, may "consent to submission to state courts of particular controversies involving unsettled questions of state . . . law and arising in the course of bankruptcy administration."[6] The conditions for abstention stated in § 1334 (c)(1) and (2) codify this meaning of abstention. Both the permissive and mandatory abstention subsections of § 1334 are applicable to "proceedings," a word of art which is also used in subsection (b) when describing the original but not exclusive jurisdiction of the courts to include "civil proceedings arising under title 11, or arising in or related to cases under title 11." Under § 1334(c)(1) and (2) abstention is the relinquishment of federal jurisdiction to state courts when the conditions of the statute are satisfied. A federal bankruptcy court cannot abstain from hearing a case that is pending in a state court, not the bankruptcy court.

---

[5] The American Heritage Dictionary of the American Language 8 (4th ed. 2006).

[6] *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 483-84 (1940).

4

In this case, Fowler moves for abstention, but there is no pending contested matter or adversary proceeding in which the issues raised in the Missouri State Court Proceeding are pending in this Court. The bankruptcy court cannot voluntarily relinquish jurisdiction over a state court proceeding which has not been removed to the bankruptcy court. Although many of the issues raised in the Missouri State Court Proceeding may ultimately be submitted to this Court, abstention as to such issues is premature at this time. For this reason, the Fowler's Motion to abstain is denied.

**The Hearing on the Motion for Relief from Stay is Continued.**

Fowler moves for relief from stay for cause pursuant to 11 U. S.C. § 362(d)(1). However, the memoranda in support of and in opposition to the Motion are devoted to the issue of abstention and include no separate arguments relating to relief from stay. For this reason, the Court concludes Fowler is requesting relief from stay coterminous with any abstention which the Court may order. Because abstention is not appropriate for the reasons discussed above, relief from stay to implement abstention is also not appropriate.

When the Motion is construed to include a motion for relief from stay for cause independent of the motion for abstention, several matters cause the Court concern about ruling at this time. First, as stated above, none of the parties briefed the question of relief from stay when considered separately from abstention. As the Court stated at oral argument, the Court has identified two important, but competing, considerations. First, the belief that the relevant issues can be resolved more quickly in this Court than in the Missouri State Court. Second, the reluctance to act as an appellate court with respect to rulings of Missouri agencies. Even though the arguments regarding abstention include some of the considerations relevant to a motion for

relief from stay, the Court would prefer ruling after having available the parties' input on the stay relief question.

Second, at the oral argument, the Trustee stated his intent, depending upon the resolution of the Motion, to file in this Court a declaratory judgement action or other proceeding regarding matters impeding his proceeding with reclamation of the Fowler land. The Court believes that if and when such an action is filed, the issues regarding Fowler's relief from stay to pursue the Missouri State Proceeding will be more clearly defined.

Third, on July 24, 2009, before the filing of Fowler's Motion, the State of Missouri Department of Natural Resources filed a Motion for Order Declaring that an Exemption from the Automatic Stay Applies. This motion is pending, and argument has not been held. Argument was noticed for December 18, 2009, the date on which arguments were presented in Fowler's Motion, but that hearing was continued at the request of the parties because they are attempting to resolve the issue by agreement. The Court is reluctant to rule on Fowler's Motion without a thorough understanding of the state's motion and its relationship to Fowler's Motion, which the state opposes.

Fourth, the Court's goal is that its rulings on relief from stay, exceptions to the stay, and abstention be based upon a comprehensive understanding of the issues facing AFI. Unlike many motions for relief from stay, the matters at issue here are broad in scope and do not involve well defined issues, such as mortgage foreclosure or third party tort claims. The Court is hopeful that continuance of the hearing on the Motion for relief from stay will facilitate formulation of a consistent, expeditious, and equitable litigation plan.

For the foregoing reasons, the Court finds cause to continue Fowler's Motion for stay relief to the Court's March 19, 2010 non-evidentiary docket for a status conference. As soon as possible, but not later that 60 days from the date of this order, the Trustee shall file any and all proceedings in this Court which he finds appropriate to allow commencement of reclamation of the Fowler land, and any other tracts if appropriate. After interested parties have answered or otherwise responded in accord with applicable rules of procedure, the Court shall hold a scheduling conference on any action filed by the Trustee, Fowler's Motion for relief, Missouri's motion that stay does not apply, and any other related pending matters. To assure orderly briefing, supplemental memoranda on relief from stay and memoranda on any issues raised by the Trustee's filing and responses thereto should not be filed before the scheduling conference, at which time briefing and hearing schedules will be established.

**CONCLUSION.**

For the foregoing reasons, Fowler's Motion to abstain is denied.

Fowler's Motion for stay relief is continued to the March 19, 2010 non-evidentiary chapter 11 docket for a status conference. The Trustee is ordered to file, not later than 60 days after this order, any and all proceedings in this Court which he finds appropriate to allow reclamation of the Fowler land to go forward.

As to the Motion to abstain, the foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###